UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

BRYAN THOMPSON

Case No. 4:17cr053

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED IN PART after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant contends his medical conditions, i.e. blood pressure and stomach problems, together with the risks associated with COVID-19, warrant compassionate release pursuant to 18 U.S.C. § 3582(c). First, Defendant has not shown that "stomach problems" is a qualifying medical condition under § 3582(c). With regard to the CDC's risk assessment of medical conditions for contracting a serious case of COVID-19, the condition is listed as neither an "increased risk" nor a "might be at an increased risk" condition. Secondly, though the CDC does recognize hypertension as a condition which can make you more likely to become severely ill from COVID-19, Defendant's argument that this condition puts him at an increased risk is undermined by his declining receipt of a COVID-19 vaccine. See, e.g., United States v. Ortiz, No. 5:18-CR-00264, 2021 WL 1422816, at *4 (E.D. Pa. Apr. 15, 2021) ("[W]hile a petitioner who declines a COVID vaccine is 'within his rights to refuse any treatment he wishes to forego, he cannot simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually eliminate that risk.'"). Finally, the Bureau of

3

Prisons' website reflects no confirmed COVID-19 cases in Defendant's facility as of May 20, 2021. The Court concludes that Defendant has not met her burden to show an extraordinary and compelling reason to warrant compassionate release.

Moreover, the factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the sentence imposed. In the underlying case, law enforcement conducted a traffic stop on the vehicle Defendant was driving. He informed the officer that he had a firearm in the vehicle even though he was a convicted felon and on felony probation for terroristic threats. Defendant was arrested and the vehicle was searched. In the vehicle was a revolver, a half gram of marijuana, and three and one-half grams of crack cocaine. In July 2017, pursuant to a written plea agreement, Defendant pleaded guilty to possession of a firearm by a convicted felon. With a total offense level of 25 and a criminal history category of VI, Defendant's advisory guidelines range was 110 to 120 months' imprisonment. In December 2017, the Court sentenced Defendant to 120 months' imprisonment. Currently, Defendant's projected release date is July 19, 2026, meaning he has over five years left to serve. Additionally, Defendant's criminal history is concerning. He has seven adult criminal convictions including one involving marijuana distribution, one involving cocaine possession, another conviction for possession of a firearm by a convicted felon, and one for terroristic threats for which he was on probation at the time of this offense. Notably, Defendant was sentenced to probation for many of his other convictions only for it to be subsequently revoked. It appears Defendant's past criminal activity did not deter him from committing another offense. Indeed, since his incarceration, Defendant has been sanctioned for his behavior by the Bureau of Prisons multiple times: once for public indecency for which this Court sentenced Defendant to an additional six months' imprisonment, and twice last year for possessing weapons and drugs. The Court concludes that granting Defendant compassionate release at this juncture

would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

☒ DENIED WITHOUT PREJUDICE IN PART because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

Defendant has not exhausted his administrative remedies with regard to other medical conditions, specifically his alleged heart murmur, history of smoking, and post-traumatic stress disorder. In order to fully exhaust his administrative remedies for seeking compassionate release based on these medical conditions, Defendant should have raised them with the Bureau of Prisons in his reduction-in-sentence ("RIS") request. Defendant's RIS request mentions only his blood pressure and stomach problems. Therefore, Defendant's alleged heart murmur, history of smoking, and post-traumatic stress disorder are not before the Court for consideration.

IT IS SO ORDERED.

Dated:

May 20, 2021

_____
UNITED STATES DISTRICT JUDGE